314 So.2d 460 (1975)
M. E. FOREMAN et al.
v.
Robert L. HINES and Jack N. Fricks.
No. 6848.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1975.
Rehearing Denied July 8, 1975.
*462 Liskow & Lewis, William R. Pitts, New Orleans, for M. E. Foreman and Carrie Mae Foreman, plaintiffs-appellees.
Reynolds, Nelson & Theriot, Charles W. Nelson, Jr., New Orleans, for Barbara Scott, plaintiff-appellee.
Little, Schwartz & Dussom, Michael F. Little, New Orleans, for defendants-appellants and Foreman-Scott Associates, Inc., third-party defendant-appellee.
Before REDMANN, SCHOTT and MORIAL, JJ.
SCHOTT, Judge.
Defendants have appealed from a judgment in quo warranto proceedings brought pursuant to LSA-C.C.P. Arts. 3901, 3902. The judgment decreed that defendants had no legal right to serve as directors of Foreman Scott & Associates, Inc. and that plaintiffs were the lawfully elected directors of the company.
The petition for the writ alleged as follows: Plaintiffs were notified of a meeting of the shareholders of the corporation to be held on June 17, 1974. Pursuant thereto they attended the meeting which was also attended by defendants. On the books of the corporation there were 125 shares of stock issued and outstanding and each of the five parties to this litigation was the record holder of 25 shares. The secretary of the corporation, defendant Fricks, refused to certify plaintiff Scott as a shareholder of record entitled to vote her shares and as a consequence when the election of the Board of Directors was conducted 50 shares were counted as voted for each of the defendants and plaintiffs, Mr. and Mrs. Foreman. Thereupon the secretary, Fricks, declared the election for directors deadlocked and announced that the then existing Board of Directors, defendants Hines and Fricks and plaintiff, M. E. Foreman, would continue in office. Mrs. Scott's vote was recorded as cast for herself and the Foremans but was not counted.
In answer to the petition defendants alleged that Mrs. Scott had no right to vote because, prior to March, 1973, the corporation had been under the control of the plaintiffs along with Mr. Scott; they had mismanaged the corporation causing loss to it and the defendants; plaintiffs' conduct caused them to forfeit whatever rights they had in the corporation; Mrs. Scott had attempted to transfer her shares in violation of the corporation charter; her stock had been seized by a writ of attachment in the other proceedings filed by the corporation and consequently she was not entitled to vote her shares.
*463 Defendants filed a reconventional demand and third-party demand for the appointment of a receiver of the corporation and for a preliminary injunction to prevent plaintiffs from attempting to reassume control of the corporation on the grounds that they had previously mismanaged the corporate affairs and their regaining of control would result in irreparable loss and injury to the corporation and to defendants. The trial court, in addition to rendering a judgment on the writ of quo warranto in favor of plaintiffs dismissed the defendants' reconventional and third-party demands without admitting defendants' proffered evidence of the Scotts' alleged mismanagement and wrongdoing while they were in control of the corporation before March, 1973.
Immediately after the rendition of the judgment of the trial court defendants applied for a writ of mandamus to this Court, asking that we order the trial judge to permit defendants to produce evidence in support of their reconventional and third-party demands. We denied their application with the following:
"Applicants' reconventional and third party demands do not constitute defenses to and cannot retard the extraordinary remedy of quo warranto. Plaintiffs were entitled to immediate relief against applicants' refusal to count a shareholder's votes for directors.
"The trial court also properly ruled that a demand for appointment of a receiver cannot be brought by means of a third party demand in a quo warranto action. C.C.P. art. 1111.
"Finally, the reconventional demand states no cause of action, and was properly dismissed. See also C.C.P. art. 1036, 2nd para."
We reiterate what we said in the denial of the writ application. C.C.P. Art. 3901 provides as follows:
"Quo Warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers."
The function of the writ of quo warranto is narrow and its scope limited. Defendants are asked simply by what authority are they holding office as directors of the corporation. A prompt reply is mandated by the statute. It would be inconsistent with the writ's function and scope to permit defendants to inject into these proceedings evidence of the conduct of plaintiffs when they served as directors somewhat long ago.
The attempt to institute receivership proceedings pursuant to LSA-R.S. 12:151 et seq. by means of a third-party demand against the corporation in response to plaintiffs' quo warranto proceeding cannot be reconciled with C.C.P. Art. 1111. The two causes of action are unrelated. Furthermore, defendants have not alleged any grounds for the appointment of a receiver found in R.S. 12:151 and have stated no cause of action.
Finally, the procedure involved in a quo warranto proceeding is set forth in Title 3, Book 7, of the Code of Civil Procedure entitled Extraordinary Remedies, along with the procedure for habeas corpus and mandamus proceedings. The mode of procedure of these extraordinary remedies set forth in C.C.P. Arts. 3781-3784 is unlike that of receivership proceedings authorized by LSA-R.S. 12:151 et seq. or injunction proceeding authorized by C.C.P. Art. 3601 et seq. For the trial judge to have heard evidence and conducted a trial on these incidental actions brought by defendants for receivership and injunction when the principal action was on the writ of quo warranto would have been inconsistent with C.C.P. Art. 1036 which provides that the mode of procedure employed in the incidental action shall be the same as that used in the principal action.
*464 Defendants' contention is that these various proceedings, quo warranto, receivership, and injunction are all summary proceedings and therefore they all involve the same mode of procedure. This is an over-simplification. It is not merely a question of categorizing proceedings as summary rather than ordinary. The mode of procedure prescribed for extraordinary remedies including quo warranto proceedings is unique and unlike any other mode of procedure.
In addition to the foregoing which constitutes an elaboration on our denial of defendants' writ application, we find still another reason for rejecting their application for an injunction against plaintiffs. The latter stated a cause of action and obtained a writ of quo warranto. The only action available to defendants was to answer the writ, i. e., state by what authority they were holding office as directors. Instead they seek to enjoin plaintiffs "from attempting to reassume control of said corporation." Defendants would thereby have the Court prohibit plaintiffs from seeking a remedy afforded to them by law. We are compelled to conclude that defendants have stated no cause of action for injunctive relief.
In support of their petition plaintiffs showed that they were the holders of record of 75 shares and pursuant to R.S. 12:75, subd. A were entitled to vote their shares at the stockholders' meeting. Fricks testified that in March, 1973, he and his co-defendant had, on the request of Mrs. Scott, agreed that she could sell her stock to her co-plaintiffs, her parents, but thereafter they ascertained that she had mismanaged the affairs of the corporation and they resolved to bring suit against her. She had mailed the stock certificate, duly endorsed, to defendants with the understanding that the transfer be made, but the corporation had the Civil Sheriff seize her stock in order to obtain jurisdiction over her by means of a writ of non-resident attachment. When the meeting took place Fricks took the position that she was not entitled to vote her shares because of her mismanagement in the past, because of her attempt to transfer the stock in violation of the provisions of the corporate charter, and because her stock was now under attachment. We do not find that any of these reasons would preclude her from voting her shares as provided by R.S. 12:75, subd. A. She was still the shareholder of record by defendants' own admission.
Defendants have pleaded estoppel, contending that when plaintiffs managed the corporation they wasted and misused corporate assets and funds so that they are now somehow precluded from regaining control of the company. Aside from the fact that we find no law which supports defendants' position it is obvious that if their allegations are true, the law provides them with appropriate remedies such as R. S. 12:95, with regard to fraud committed by directors, R.S. 12:151 et seq., providing for the appointment of a receiver, and C. C.P. Art. 591 et seq., providing for secondary actions by shareholders. Apparently, defendants have already elected to avail themselves of some if not all of these remedies in other proceedings pending in the trial court, and while the issues they have raised in their pleadings and attempted to prove in these proceedings may be relevant and material to those other proceedings they are wholly extraneous in defense to plaintiffs' petition for a writ of quo warranto. Accordingly, the judgment appealed from is affirmed at defendants' cost.
Affirmed.