334 So.2d 559 (1976)
LOUISIANA POWER & LIGHT COMPANY
v.
Wayne URSIN.
No. 7544.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1976.
Talbot, Sotile & Carmouche, Jess J. Waguespack, Donaldsonville, for plaintiffappellant.
Martin, Himel & Peytavin, Anthony J. Nobile, Lutcher, for defendant-appellee.
Before GULOTTA, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Plaintiff appeals from a judgment dismissing its suit based on defendant's dilatory exception of lack of procedural capacity to be sued and declinatory exception of lack of jurisdiction over the person of defendant. Defendant's exceptions were based on the ground of minority. The exceptions were taken up on the date assigned in the absence of plaintiff and its counsel. No evidence was introduced as *560 permitted by LSA-C.C.P. Article 930. After hearing argument only of counsel for the defendant, the district court maintained the exceptions and dismissed plaintiff's suit. We reversed and remand.
The lack of procedural capacity is a dilatory exception which, like the declinatory exception of lack of jurisdiction over the person, merely retards the progress of the action rather than tends to defeat it. See LSA-C.C.P. Articles 923, 925, 926, 928 and 930. Likewise, when the grounds of the objections pleaded in either the declinatory or dilatory exception may be removed by amendment of the petition or other action of the plaintiff, "* * * the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court." LSA-C. C.P. Articles 932, 933. However, only if the grounds of the objection cannot be removed or, if the plaintiff fails to comply with an order requiring such removal within the delay allowed by the court, will the suit be dismissed. LSA-C.C.P. Articles 932, 933.
In our opinion, therefore, our learned trial brother erred in dismissing the suit against the defendant without first affording the plaintiff an opportunity to cure the defect by amendment of their petition.
For the foregoing reasons, we reverse the district court's judgment sustaining the minor's exception to the lack of procedural capacity to be sued and lack of jurisdiction over the person of the defendant and dismissing plaintiff's suit and remand these proceedings to the trial court to enter an order allowing the plaintiff a delay within which to amend its petition. The case is to be dismissed only upon noncompliance with such order. The costs of this appeal are assessed against the plaintiff-appellant.
REVERSED AND REMANDED.