BECKER, Judge.
This appeal arises from a denial of a writ of quo warranto. Plaintiff, Jesus Castiel, sought a writ of quo warranto directed to Enrique Hegenbarth, questioning his right to hold the position as a director of the corporation known as C.M.H., Inc.
Plaintiff and defendants, Enrique Hegen-barth and Leffertz Mabie, Jr., formed a corporation known as C.M.H., Inc., under the corporation laws of the State of Louisiana. The articles of incorporation and initial report filed with the Secretary of State named Castiel as the sole incorporator, and Castiel, Mabie and Hegenbarth as the first board of directors. The initial report also names plaintiff as president-treasurer, Ma-bie as vice-president, and Hegenbarth as secretary.
Plaintiff argues that no shares of stock were ever issued but that he and Lefferts Mabie, Jr. were the sole investors. According to plaintiff, Hegenbarth was hired to manage the business, a men’s clothing store, and as part of his employment agreement would have a right to purchase stock in the company. Plaintiff contends that Hegenbarth mismanaged the corporation and its funds, and that he sought to remove Hegenbarth as manager and as an officer and director of the corporation. Allegedly, Castiel and Mabie had agreed to terminate Hegenbarth’s positions with the business, and instructed their attorney, Bruce Waltzer, to draft a settlement agreement. This agreement was never executed.
In support of his argument, plaintiff produced an affidavit from Bruce Waltzer in which Waltzer recounts the conversation between himself, Castill and Mabie concerning Hegenbarth’s termination. Waltzer stated in his affidavit that it was implicit in the conversation that Hegenbarth’s relation with the corporation was to be terminated in all respects.
In response to plaintiff’s contentions, defendants produced the affidavit of Lefferts Mabie, Jr. Mabie admitted, in the affidavit, that no shares of stock were ever issued. However, he asserts that he, Hegen-barth and Castiel were all investors in the business and that there had not been any determination of the percentage of stock each would have in the corporation. Mabie further stated that when he agreed to dismiss Hegenbarth as manager of the business, he never intended nor did he have the power, to terminate Hegenbarth’s positions as secretary and director.
The trial court decided the case on the affidavits, pleadings, and memorandum submitted. The trial court, without assigning reasons, rendered judgment against plaintiff dismissing his petition for a writ of quo warranto. Plaintiff initially sought from this Court supervisory writs. By order of March 11, 1988, this Court denied the application, stating, “Relator has an adequate remedy oh appeal.” Subsequently, plaintiff perfected this appeal.
Plaintiff assigned two specifications of error on appeal. He argues that the trial court erred in denying the writ of quo warranto, and in concluding that the owner of a Louisiana corporation does not have the power of shareholders because no shares of stock have been issued.
L.S.A.-C.C.P. art. 3901 provides that:
“Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers.”
*933 The function of a writ of quo warranto is narrow and its scope limited to determining by what authority an individual is holding office in a corporation. Foreman v. Hines, 314 So.2d 460 (La.App. 4th Cir.1975); Smart v. Woodard, 441 So.2d 460 (La.App. 2nd Cir.1983). The respondent in such a proceeding is required to prove by what authority he holds office in a corporation. International Stevedores, Inc. v. Havlon, 499 So.2d 1183 (La.App. 5th Cir.1986); Clay v. Clay, 389 So.2d 31 (La.1979). Once a determination is made that a person validly holds the position, the inquiry ends and the writ should be dismissed. Smart v. Woodard and Foreman v. Hines, supra.
The trial court correctly dismissed the plaintiffs petition for a writ of quo warranto. The defendant, Hegenbarth, met his burden of proving that he validly held the offices of secretary and director of C.M.H. Inc. The initial report submitted by both parties listed Jesus Castiel, Lef-ferts Mabie,, Jr. and Enrique Hegenbarth as the first directors of C.M.H., Inc. The initial report also lists Hegenbarth as secretary of the corporation. This initial report, along with the articles of incorporation of C.M.H., Inc., was filed with the Secretary of State on October 2, 1986 pursuant to L.S.A.-R.S. 12:25.
The statute provides, in pertinent part,
“A. The articles, or a multiple original thereof, shall be filed with the Secretary of State, together with the initial report prescribed by R.S. 12:101. (If the first directors are not named in the initial report, a supplemental report, setting forth their names and addresses and signed by each incorporator or his agent or by any shareholder, shall be filed with the Secretary of State, and filed for record as provided in subsection D of this section, as soon as they have been selected.)_
Thus, Hegenbarth was validly named as a member of the corporation’s first board of directors. Under Louisiana corporation laws Hegenbarth would continue to hold this position as director until his position was terminated by the shareholders, or until an election and a new director is chosen. L.S.A.-R.S. 12:81 provides that:
“Unless the articles or bylaws provide otherwise, the directors of the corporation shall hold office for one year and until there successor are chosen and have qualified.” (emphasis added)
Plaintiff argues that the one year period of Hegenbarth's tenure as director has elapsed, and therefore, Hegenbarth is no longer a director. However, the statute provides a two-prong requirement; in addition to the elapsed period of one year, new directors need to have been elected.
The record clearly reveals that no shares of stock were ever issued. Therefore, there are no shareholders of the corporation. Without shareholders, one cannot elect directors.
Castiel contends that as he and Mabie are the sole owners of the corporation, they have the. right to remove Hegenbarth from his position as a member of the board of directors. Castiel further argues that he and Mabie did decide to remove Hegen-barth from the board of directors. Mabie, however, has contradicted this allegation in his affidavit.
Plaintiff relies upon the jurisprudence established in International Stevedores, Inc. v. Hanlon, 499 So.2d 1183 (La.App. 5th Cir.1986) to support his argument that he and Mabie have the right, as sole owners, to be recognized as the sole shareholders of the corporation, and that any action taken by them should be viewed as the action of shareholders. The court in Han-lon found that there was sufficient evidence to determine from all the facts who were the shareholders of the corporation. Such determination was essential to determining the validity of particular actions taken by the alleged owner, including the removal of defendant, Hanlon, as a director of the corporation. In so holding, the court acknowledged that there is prior jurisprudence which holds that:
“a certificate of stock is merely a paper evidence, created for convenience, of the ownership of the share of stock; that it is not the thing which is the subject of ownership, but the thing which is the subject of ownership is the share of stock itself. Succession of McGuire, 151 *934 La. 514, 92 So. 40 (La.1922); Dardeav v. Fontenot, 326 So.2d 521 (La.App. 3rd Cir.1976); Finn v. Ponsaa, 308 So.2d 352 (La.App. 4th Cir.1975), writ denied 313 So.2d 238 (La.1975). A stock certifícate is prima facie evidence of corporate ownership, but it is to be distinguished from actual ownership which may be determined from all the facts and circumstances of a case. Fireplace Shop v. Fireplace Shop of Lafayette, 400 So.2d 702 (La.App. 1st Cir.1981).” Hanlon, 499 So.2d at 1188.
This court also acknowledges that actual ownership of a corporation may be determined from all the facts in a case when stock certificates are not issued. However, unlike the facts in Hanlon, there was not sufficient evidence before the trial court in this case to determine that Castiel and Mabie were the sole owners of the corporation. The affidavits and documents presented by both parties do not clearly establish the owners of the corporation. In fact, the affidavits reveal that there is a dispute among the parties as to the actual ownership of the business.
The only documents which the trial court could consider in determining whether the defendant met his burden were the articles of incorporation and the initial report. These documents show that Hegenbarth was named as one of the first directors of C.M.H., Inc. There was no evidence introduced to prove that new directors had been elected by the shareholders or actual owners of the corporation. Further, no documentation was produced to show that He-genbarth’s position as director was terminated by a vote of the shareholders or actual owners of the corporation.
Defendant, Hegenbarth, has proven that he validly retains his position as a member of the board of directors for C.M.H., Inc.
Accordingly, the judgment of the trial court dismissing plaintiffs petition for a writ of quo warranto is affirmed.
AFFIRMED.