LOBRANO, Judge.
Via supervisory writs relator seeks reversal of the trial court judgment which denied his exceptions of lack of personal jurisdiction and insufficiency of service.
John Reid, relator, and his wife, Laurel, were married on June 28, 1969 in New Orleans, La. On November 9, 1976 their only child was born in New Orleans. On September 1, 1978, the parties moved their domicile to Houston, Texas. In June of 1979 Laurel left Houston and returned to New Orleans with the minor child. Proceedings for divorce were filed by John in Houston, and separation proceedings were filed by Laurel in New Orleans. The Texas judgment of divorce was rendered on March 24, 1980. Laurel was given custody of the minor and awarded $300.00 per month in child support. That amount was increased by the Texas court on December 7, 1983 to $500.00 per month.
On March 11, 1992 Laurel filed a rule in Civil District Court, Orleans Parish, to increase child support. John, a resident of California, was served with the rule pursuant to the provisions of Louisiana’s Long Arm Statute. La.R.S. 13:320⅛. However, no citation was included with the service.
John argues that the trial court incorrectly overruled his exceptions of lack of personal jurisdiction and insufficiency of service of process. His argument is based on two alleged errors.
John asserts that this court’s decision in Hirsch v. Hirsch, 378 So.2d 539 (La.App. 4th Cir.1980) prohibits the use of the Long Arm Statute to obtain jurisdiction in a child support rule. We disagree. Hirsch is clearly distinguishable. In that case the wife, two years post divorce, filed a rule for permanent alimony. Her ex-husband was residing in Florida at the time. The wife did not serve the husband via the Long Arm Statute, but had a curator appointed and served him pursuant to Code of Civil Procedure Article 5091. The husband received no notice of the rule. We held that because the district court which rendered the divorce did not have continuing jurisdiction over the husband the appointment of a curator did not satisfy due process. We emphasized the fact that notice or the lack thereof is the paramount criteria in deciding whether procedural due process is satisfied. In addressing the wife’s argument that the Long Arm Statute conferred jurisdiction, we made the statement that subsection (f) did not authorize Long Arm Statute jurisdiction in post divorce, permanent alimony cases. That statement, however, was unnecessary dicta on our part since there was never any service under Long Arm Statute to begin with.
Louisiana R.S. 13:3201(A)(6) provides:
(A) A court may exercise personal jurisdiction over a nonresident ... as to a cause of action arising from any one of the following activities performed by the non resident:
(6) Non-support of a child, parent or spouse or a former spouse domiciled in *337 this state to whom an obligation of support is owed and with whom the non resident formerly resided in this state.[1]
It is clear that subsection 6 satisfies the minimum contacts criteria of McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) and it progeny. Once the service of process requirements of R.S. 13:3204[2] are complied with, Louisiana may exercise personal jurisdiction over relator.
John also argues that even if there are sufficient contacts to satisfy constitutional standards, this Court should consider the “fairness” of asserting jurisdiction. He cites de Reyes v. Marine Mgt. and Consulting Ltd., 586 So.2d 103 (La.1991) in support of this argument.
We are aware of the balancing of interests described in de Reyes when determining the fundamental fairness of a Louisiana court exercising jurisdiction over a non-resident. The only unfairness argument advanced by John is that it is wrong for Louisiana to assert jurisdiction just because the parties were married here. In our opinion this fact is not enough to overcome the presumption that jurisdiction is reasonable. Laurel and the minor child now reside in Louisiana. Louisiana has an interest in the welfare of its citizens, particularly children. We are satisfied that there is no unfairness of constitutional proportions so as to defeat jurisdiction.
Compliance with R.S. 13:3204 is relator’s second argument, which we find has merit. John argues that not only must the petition be served, but also the citation. He urges that since he did not receive any citation, there was insufficiency of service and therefore no personal jurisdiction. In support, he cites Clay v. Clay, 389 So.2d 31 (La.1979) wherein our Supreme Court held that service of citation was a necessary element in satisfying R.S. 13:3204. In Clay, the non resident defendant was served, pursuant to the Long Arm Statute, with a writ of quo warranto. The writ was filed as a summary matter, and did not require a citation. See, C.C.Pro. Art. 1201. In differentiating. between summary and ordinary proceedings the court stressed the minimum time limit of fifteen days to answer an ordinary proceeding. Jurisdiction obtained pursuant to the Long Arm Statute requires a thirty day delay before a default judgment can be obtained. R.S. 13:3205. Thus the court concluded that citation was a necessary element to perfect jurisdiction and since a summary proceedings lacked citation, service of only the rule was insufficient.
Although the Clay holding seems to reach the illogical conclusion that jurisdiction in summary proceedings can never be attained by use of the Long Arm Statute, a more reasonable interpretation suggests otherwise. Because R.S. 13:3205 extends the normal fifteen day answering period of an ordinary suit to thirty days, it would be reasonable to conclude that in a summary proceeding Clay requires service of the rule and a citation which notifies the defendant of the hearing date, which date shall be no sooner than thirty days after receipt of the service. We believe this interpretation satisfies the underlying reasoning of Clay, and still allows the Court to obtain jurisdiction over a non resident in a summary proceeding pursuant to the Long Arm Statute. See Investor Inns, Inc. v. Wallace, 408 So.2d 978 (La.App. 2nd Cir.1981) where a citation was served with an eviction rule.
In the instant case, relator did not receive a citation of any sort and therefore service was insufficient. We sustain his declinatory exception of insufficiency of *338 service and remand to the trial court for the purpose of allowing respondent to cure the defect, within sixty days, if she can.
La.C.C.Pro. Art. 932.
REVERSED AND REMANDED.
PLOTKIN and LANDRIEU, JJ., concur with reasons.

. Subsection (6) is the same as the Subsection (f) referred to in Hirsch. Subsection (B), added in 1987, now, make it clear that any contact sufficient to satisfy constitutional due process is sufficient to confer jurisdiction.

. La.R.S. 3204(A)
"(A) A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.”