COREIL, Judge, Pro Tem.
Leah Rose Scalfano appeals from the dismissal of her suit for damages against Moneque A. Morris. The trial judge dismissed her lawsuit based on insufficiency of citation and service. In his ruling, the trial judge was of the opinion that service of process under La.R.S. 13:3201 requires proof of acceptance in the form of a signed return receipt.
FACTS
Leah Scalfano filed a petition for damages naming as a- defendant, Moneque A. Morris. The petition alleges that Ms. Morris, a resident of Connecticut, lost control of her vehicle and struck Ms. Scalfano’s vehicle in Alexandria, Louisiana. Plaintiff, under authority of La.R.S. 13:3201 et seq., Louisiana’s Long Arm Statute, sent a copy of the petition and the citation to Ms. Morris by certified mail on August 7, 1985. The affidavit of service indicated that Ms. Morris received the citation and petition on August 10, 1985. The affidavit also makes reference to the postal receipt attached to it. However, no postal receipt indicating delivery was attached in the record. Furthermore, the citation summoned Ms. Morris to file her answer or other pleadings within fifteen (15) days from date of service.
Thereafter, the defendant filed exceptions of improper service, citation, and lack of jurisdiction based on the absence of a postal receipt in the record showing delivery and receipt and the stated incorrect delay period on the citation, which defendant argues should be thirty (30) days. The trial judge sustained the exception of insufficiency of citation and allowed the plaintiff time to remove the objection in accordance with La.C.C.P. art. 932.[1] The judgment, rendered on October 8, 1990, also ordered that failure to comply would result in the dismissal of plaintiffs suit against the defendant.
Plaintiff then mailed a copy of the petition and citation pursuant to the Long Arm Statute a second time. In his affidavit, plaintiffs attorney stated that the certified copy of the petition and citation were mailed on November 8, 1990, but that the envelope and contents were returned marked “Return to Sender, Unknown, No name on any mail box,” a copy of which is filed in the record. The address supplied on the second mailing was the last known address and the same one used in the service of August 10, 1985. There is no evidence that the defendant no longer resides at that address or that the address was incorrect. Subsequently, on December 18, 1990, the trial judge dismissed the defendant as per the earlier judgment.
Plaintiff filed this devolutive appeal, contending that the trial court erred in maintaining that dismissal when the plaintiff in fact complied with the requirements of § 3201 of the Long Arm Statute concerning service of process. We agree.
DISCUSSION
The Long Arm Statute was adopted in this State “... to permit the courts of Louisiana to tap the full potential of in personam jurisdiction over non-residents *63 consistent with the due process clause of the fourteenth amendment.” Clay v. Clay, 389 So.2d 31 (La.1979) at page 37, and citations therein. The exercise of personal jurisdiction is fully dependent upon strict compliance with the procedural requirements of the Long Arm Statute. Thus, personal jurisdiction over a non-resident may not attach if service of process does not meet the statute’s requirements. Clay v. Clay, supra; Decca Leasing Corporation v. Torres, 465 So.2d 910 (La.App. 2 Cir.1985), writ denied, 468 So.2d 1211 (La.1985).
§ 3204 of the Long Arm Statute directs that service of process on a non-resident shall be made as follows:
“§ 3204. Service of process
A. A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.
B. If a Louisiana domiciliary who has been made a defendant in an action filed in this state, makes a general appearance, then moves out of the state and is no longer represented by counsel, all further pleadings may be served upon the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made.
C. Service of process so made has the same legal force and validity as personal service on the defendant in this state. Added by Acts 1964, No. 47, § 3. Amended by Acts 1989, No. 120, § 1.”
Under the clear wording of the above quoted statute, all that is necessary to constitute service upon a non-resident is that plaintiffs counsel send a certified copy of the citation and petition to defendant by registered or certified mail (or actual delivery). There is no requirement for a signed return receipt except under § 3205 of the statute in the case of default judgments[2].
As stated in Thomas Organ Co. v. Universal Music Co., 261 So.2d 323 (La.App. 1 Cir.1972), at page 327:
“There is no provision against domiciliary service and no requirement for a signed return receipt. It has been held in both the International Shoe Company [v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)] and McGee [v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)] cases cited supra, that the sending by mail of a certified copy of citation and petition satisfies the requirements of “due process.” To allow a defendant to defeat service of process by refusing to accept a registered letter or to allow a member of his family to receive it for him ineffectually would make a mockery of R.S. 13:3204 and render it completely ineffective.”
The evidence in this case reveals that plaintiff has twice made service upon defendant, Moneque Morris, in satisfaction of the requirements of § 3204 of the Long Arm Statute.
Defendant obtained the October, 1990 judgment granting her exception of insufficiency of citation and service based on the argument that the delay period on the citation was inaccurate and that no return receipt was attached to plaintiffs first affidavit of service.
*64 La.C.C.P. art. 1202 sets forth the content of the citation as follows:
“Art. 1202. Form of citation
The citation must be signed by the clerk of the court issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof; and must contain the following:
(1) The date of issuance;
(2) The title of the cause;
(3) The name of the person to whom it is addressed;
(4) The title and location of the court issuing it; and
(5) A statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default.”
The error in the initial citation stating that defendant had a fifteen-day delay rather than the required thirty-day delay was a clerical error. The citation was a pre-print-ed form from the Ninth Judicial District Clerk of Court’s office which provides the fifteen-day delay period based on La.C.C.P. art. 1001.
Although no time is specifically set by statute for filing the answer or any other pleading under the Long Arm Statute, the statute provides that a default judgment may not be taken until thirty days after date of service of citation and petition. See Footnote 2. Impliedly, this would allow a thirty-day period within which to file an answer or other pleading.
Inaccuracies pertaining to the delay period printed on the citation do warrant the citation insufficient, but only where a default judgment is taken before the thirty-day delay period has lapsed. This isn’t a case where a default judgment has been taken. In this case, the error did not prejudice the defendant’s rights in any way. Defendant initially was served on August 10, 1985, and did not file her exceptions until August 16, 1990.[3]
Accordingly, regarding the defendant’s complaint that no return receipt was attached to plaintiff’s first affidavit of service, when plaintiff’s attorney indicates the receipt is attached, we note that although it may not be technically correct, no prejudice to the defendant has been shown. See Howard Avenue Realty Corp. v. McIntosh, 352 So.2d 348 (La.App. 4 Cir.1977), writ denied, 354 So.2d 1376 (La.1978), and citations therein. Furthermore, no receipt is required to validate the service of process.
Even if we agreed with the trial judge that service of process on August 10, 1985, was insufficient, the plaintiff effectuated proper service of process within the time allowed by the trial judge.
Accordingly, we reverse the judgment sustaining defendant’s exception of insufficiency of service and remand for proceedings consistent with this opinion.
Costs of this appeal are assessed to defendant, Moneque A. Morris. Costs at the trial level shall await final disposition of this matter.
REVERSED AND REMANDED.
PATIN, J., concurs with reasons.

. “Art. 932. Effect of sustaining declinatory exception
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.”

. “§ 3205. Default judgment; proof of service of process
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
(b) actually delivered the process to the defendant, showing the date, place, and manner of delivery."

. Defendant does not dispute that she was served by certified mail on August 10, 1985.