843 So.2d 1162 (2003)
Kane CORTE and Coins Count, L.L.C.
v.
CASH TECHNOLOGIES, INC. and CoinBank Automated Systems, Inc.
No. 2002 CA 0846.
Court of Appeal of Louisiana, First Circuit.
April 2, 2003.
*1163 Patrick H. Yancey, Houma, Counsel for Plaintiffs/Appellees Kane Corte and Coins Count, L.L.C.
Andrew A. Lemmon, Hahnville, Sidney C. Sundbery, Houma, Counsel for Defendants/Appellants Cash Technologies, Inc. and CoinBank Automated Systems, Inc.
Before: KUHN, DOWNING, and GAIDRY, JJ.
KUHN, J.
Defendants, Cash Technologies, Inc. ("Cash Technologies") and CoinBank Automated Systems, Inc. ("CoinBank"), have appealed two judgments that purportedly confirmed earlier preliminary default judgments in favor of plaintiffs, Kane Corte and Coins Count, L.L.C. ("Coins Count"). Because plaintiffs did not comply with the method of proving long-arm service directed by La. R.S. 13:3205, the preliminary default judgments and the subsequent judgments confirming the preliminary default judgments are invalid. Accordingly, we vacate the two judgments that defendants have appealed and remand for further proceedings.

I. PROCEDURAL AND FACTUAL BACKGROUND
According to the allegations of the petition, Corte and Coins Count purchased 23 coin-counting machines from Cash Technologies and CoinBank during October *1164 1999. When plaintiffs placed these machines in service in various grocery stores, they began to malfunction. When efforts to remedy the malfunctioning machines were unsuccessful, representatives of the grocery stores asked plaintiffs to remove the machines. On February 25, 2000, plaintiffs filed this suit against Cash Technologies and CoinBank seeking rescission of the sale. Plaintiffs seek to recover the purchase price of the machines, along with interest from the date of purchase, related expenses, and attorney fees.
In the petition, plaintiffs identified Cash Technologies and CoinBank as foreign corporations doing business in the state of Louisiana. Plaintiffs requested service upon both defendant corporations through the Louisiana Long Arm Statute, La. R.S. 13:3201-3207.[1] Upon plaintiffs' April 7, 2000 motion, the trial court ordered the appointment of "an employee and/or agent of Speedy Attorney Service, 850 Venice Blvd., Los Angeles, California" as special process server for the purpose of serving subpoenas and pleadings. On May 9, 2000, two affidavits of service of process were filed into the record. Derek Z. Lee executed these notarized affidavits on May 4, 2000 in the County of Los Angeles, State of California. One of the affidavits states that, "affiant is the independent process server; that affiant received a true copy of the annexed Citation and Petition on 04/18/00, and personally served same on the defendant, [CoinBank] on 4/19/00 2:40 p.m. (ANDRE DOE: Asian, male, 30 years, 5'8", 160 lbs., brown eyes, brown hair)." The other affidavit contains identical language except that it indicates service was made on Cash Technologies rather than CoinBank.
Thereafter, plaintiffs filed a motion for preliminary judgment by default, which the trial court granted on May 22, 2000. The record contains a minute entry confirming the court's order of judgment against the defendants. On May 25, 2000, plaintiffs introduced evidence to support the preliminary default judgment during a confirmation hearing held before Judge Paul R. Wimbish. On that day, Judge Wimbish signed a judgment in favor of plaintiffs and against defendants in the amount of $221,076.45 plus legal interest, along with the amount of $95.00 per month (storage fee) from January 1, 2000, until satisfaction of judgment plus legal interest. The judgment further ordered defendants to "pick up the machines or otherwise pay for the pick up and shipping of [the] machines...." The judgment further ordered defendants to pay attorney's fees in the amount of 25% of the total judgment.
Thereafter, according to the representations of counsel, plaintiffs determined that the May 25, 2000 judgment was invalid because it was confirmed only sixteen days after the filing of the affidavits of service.[2] Plaintiffs' counsel acknowledged that based on the provisions of La. R.S. 13:3205, a default judgment cannot be obtained until 30 days after the filing in the record of the affidavit of service. Thus, on August 9, 2000, plaintiffs filed another motion for preliminary judgment by default, which Judge Timothy C. Ellender granted on that date. On August 15, 2000, Judge Ellender signed a judgment confirming the *1165 August 9, 2000 preliminary default judgment. The August 15, 2000 judgment rescinded the May 25, 2000 judgment but ordered judgment in favor of plaintiffs and against defendants using decretal language that was exactly the same as the May 25, 2000 judgment addressed above.
During the trial court proceedings, the defendants filed no exceptions or pleadings, or otherwise made any type of appearance. They now appeal the May 25, 2000 and August 15, 2000 judgments. On appeal, defendants claim these judgments are invalid because the service of process was deficient and because plaintiffs failed to provide the information needed to confirm the default judgment as required by La. C.C.P. arts. 1702 and 1702.1.

II. ANALYSIS
Jurisdiction over a person who has not submitted or waived objection is based upon service of process on the defendant. La. C.C.P. art. 6. Citation and service thereof are essential in all civil actions except summary and executory proceedings and certain divorce actions. La. C.C.P. art. 1201. Without them, all proceedings are absolutely null. Id.
Louisiana Code of Civil Procedure article 1701, addressing judgment by default, provides, that if a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. A default judgment may not be taken against a person who has not received citation and service thereof. Clay v. Clay, 389 So.2d 31, 35-36 (La.1979). Generally, a defendant must file an answer within 15 days after service of citation upon him. La. C.C.P. art. 1001. But in this instance, the application of La. R.S. 13:3205 effectively extended the normal fifteen-day answering period to thirty days. Reid v. Reid, 602 So.2d 335, 337 (La.App. 4th Cir.1992).
Service of process on non-residents such as the defendant corporations involved in this suit must be effected by complying with the Long Arm Statute, a statute that permits our courts to exercise in personam jurisdiction over non-residents to the fullest extent allowed by the due process clause of the Fourteenth Amendment of the United States Constitution. Clay v. Clay, 389 So.2d at 37. La. R.S. 13:3204 A sets forth the mandatory manner in which service of process must be made under the Long Arm Statute:
A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
La. R.S. 13:3205 provides that no default judgment can be rendered against the defendant until thirty days after the filing in the record of an affidavit showing compliance with Section 3204. Section 3205 reads as follows:
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or

*1166 (b) actually delivered the process to the defendant, showing the date, place and manner of delivery.
The words "default judgment" used in this section refer to the preliminary default judgment rather than the confirmation of default. Howard v. A & M Const. Co., 93-1013, p. 9 (La.App. 1st Cir.4/29/94), 637 So.2d 575, 580.
Generally, the question of sufficiency of service on a non-resident defendant may not be raised for the first time on appeal but rather should be raised in a suit to annul the judgment. Bickford v. Lutz, 339 So.2d 1268, 1270 (La.App. 1st Cir. 1976); State, Dept. of Social Services v. Matthews, 96-711, p. 5 (La.App. 5th Cir.1/28/97), 688 So.2d 137, 140; State Through Louisiana Div. of Health and Human Resources v. Simmons, 542 So.2d 1150, 1153 (La.App. 2d Cir.1989). The justification for requiring a separate suit is so that a hearing can be held to ascertain facts regarding whether defendants were properly served. See Decca Leasing Corp. v. Torres, 465 So.2d 910, 914 (La.App. 2d Cir.1985), writ denied, 468 So.2d 1211 (La. 1985).
In this case, we note that service may have been properly effected. See La. R.S. 13:3204, addressing service of process pursuant to the Long Arm Statute and La. C.C.P. art. 1261, addressing service on a foreign corporation. However, the record before us does not contain sufficient information to resolve that issue. The trial court did not conduct a hearing to address sufficiency of service because service was not challenged until this appeal. Accordingly, the jurisprudence appropriately directs that we do not address whether service was validly effected. We do conclude, however, that the judgments challenged on appeal are invalid because plaintiffs failed to comply with La. R.S. 13:3205.
When plaintiffs filed both their May 22, 2000 and August 9, 2000 motions for preliminary default judgment, the May 4, 2000 affidavits of Derek Z. Lee were the only affidavits that had been filed into the record. While these affidavits state that Mr. Lee served the process on both CoinBank and Cash Technologies on April 19, 2000, these affidavits do not meet the strict requirements of La. R.S. 13:3205. They do not show the place of service of process. Additionally, while Lee's affidavits aver that process was "personally served" on the individual defendants, the affidavits only make reference to the person of Andre Doe, with no explanation of Doe's relation to the defendants.[3]
The provisions of La. R.S. 13:3205 are mandatory. Clay v. Clay, 389 So.2d at 37. A preliminary default judgment obtained without strict compliance with the procedural requirements of La. R.S. 13:3205 is an absolute nullity. Lee's affidavits do not satisfy the mandate of La. R.S. 13:3205. Therefore, both the May 22, 2000 and August 9, 2000 judgments of preliminary default are absolute nullities. A judgment confirming a default judgment that is obtained on the basis of an invalid preliminary default is, likewise, a nullity. Livingston Parish Police Jury v. Patterson, 589 So.2d 9, 10 (La.App. 1st *1167 Cir.1991); Davis v. Tele-Total, Inc., 465 So.2d 948, 949 (La.App. 2d Cir.1985). Therefore, the May 25, 2000 and August 15, 2000 judgments confirming the null preliminary default judgments are also invalid. Thus, we vacate these judgments and remand this matter. If further proceedings result, the trial court can appropriately determine whether there is a basis for exercising personal jurisdiction over the defendant corporations based on the sufficiency of service and the method of proof thereof. See Bickford v. Lutz, 339 So.2d at 1272.[4]

III. CONCLUSION
For these reasons, we vacate the May 25, 2000 and August 15, 2000 default judgments that confirmed the invalid May 22, 2000 and August 9, 2000 preliminary default judgments. We remand this matter for further proceedings consistent with the opinions expressed herein. Assessment of appeal costs are to await a final determination of this matter.
VACATED AND REMANDED.
NOTES
[1] Although the petition requested service on Bruce Korman as agent for service of process for both Cash Technologies and CoinBank, the record contains no information verifying that Korman is the registered agent for service of process for the defendant corporations.
[2] Counsel for both plaintiffs and defendants filed a May 10, 2002 joint "Narrative of Facts" which includes this assertion.
[3] There is no evidence establishing that Andre Doe was an officer, director, or employee of the defendant corporations. Additional information regarding service of process on the defendants was filed into the record on December 20, 2001, following the defendants' appeal of the trial court's judgments confirming the default judgments. This information included supplemental affidavits by Mr. Lee and affidavits regarding process that had been mailed to the defendant corporations. This information demonstrates that defendants attempted to frustrate plaintiffs' service of process but it cannot be considered in determining the validity of the May 22, 2000 and August 9, 2000 preliminary default judgments.
[4] In the event that further litigation addressing sufficiency of service results, we note that a litigant may not defeat service by merely refusing to accept a letter containing a citation. McFarland v. Dippel, 99-0584, p. 6 (La.App. 1st Cir.3/31/00), 756 So.2d 618, 622, writ denied, 00-1794 (La.9/29/00), 770 So.2d 349.