# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## NO. 04-0736

**ANNETTE RICHARD, D/B/A CLOUDE NINE**

**VERSUS**

**CENTURY SURETY COMPANY**

************

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. LANDRY, NO. 02-C-5334-C,
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield,[*] Judges.

**REVERSED AND REMANDED.**

**Elbert Lee Gullory**
**Attorney at Law**
**633 E. Landry Street**
**Opelousas, LA 70570**
**(337) 942-6328**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Annette Richard, d/b/a Cloude Nine**

**David I. Bordelon**
**Matthew J. Ungarino**
**Suite 1280 Lakeway Two**
**3850 North Causeway Boulevard**

---

[*]John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as judge pro tempore.

**Metairie, LA  70002**
**(504) 836-7566**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Century Surety Company**

PETERS, J.

Century Surety Company appeals an $88,126.00 default judgment rendered against it and in favor of Annette Richard. For the following reasons, we reverse the judgment and remand this matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

On December 30, 2002, Annette Richard, d/b/a Cloude Nine, filed suit against Century Surety Company (Century), seeking to recover for property damages she allegedly sustained when Hurricane Lili struck South Louisiana on October 3, 2002. In her petition, Ms. Richard asserted that Century had issued her a policy of insurance covering the building housing her business on Highway 90 West in New Iberia, Louisiana, and that the storm had damaged the building.

Century did not answer the petition, and, on August 8, 2003, Ms. Richard requested and obtained a preliminary default from the trial court. At a hearing held on February 26, 2004, Ms. Richard presented evidence to confirm the preliminary default, and, upon completion of the evidence, the trial court orally rendered judgment in favor of Ms. Richard and against Century in the total amount of $88,126.00. This judgment was reduced to writing and signed by the trial court on March 11, 2004. After being served with the written judgment, Century perfected this appeal. In its appeal, Century's sole assignment of error asserts a number of issues as follows:

> The trial court erred in rendering a default judgment against Century Surety Company, where the record does not contain evidence of service of the petition on defendant; where no evidence of ownership of the building or the plaintiff's capacity to bring suit for damages to the building was offered, and where no evidence was offered into the record that the building was insured for property damage.

## OPINION

### *Sufficiency of Service Issue*

Louisiana Code of Civil Procedure Article 1201(A) provides that "[c]itation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. Without them *all proceedings are absolutely null.*" (Emphasis added.) Additionally, "[a]bsolute nullities may be attacked collaterally, at any time, by rule, or any other method." *Rivet v. Regions Bank*, 02-1813, p. 6 (La. 2/25/03), 838 So.2d 1290, 1293.

The record contains evidence that, on January 29, 2003, the East Baton Rouge Parish Sheriff's Office served the citation and a copy of the petition on the Louisiana Secretary of State as Century's agent for service of process. Relying on La.R.S. 22:985, Ms. Richard argues that this constitutes sufficient service. That statute provides in part:

> Every *foreign or alien* insurer shall appoint the secretary of state to be its true and lawful attorney in this state upon whom, or some other person in his office during his absence he may designate, all lawful process in any action or proceeding against such insurer may be served, which shall constitute service on such insurer.

(Emphasis added.)

As explained in *Corte v. Cash Technologies, Inc*, 02-0846, p. 7 (La.App. 1 Cir. 4/2/03), 843 So.2d 1162, 1166:

> Generally, the question of sufficiency of service on a non-resident defendant may not be raised for the first time on appeal but rather should be raised in a suit to annul the judgment. The justification for requiring a separate suit is so that a hearing can be held to ascertain facts regarding whether defendants were properly served.

(Citations omitted.)

The rationale of *Corte* is applicable to this case, as there is insufficient evidence to resolve this issue. The problem arises because Ms. Richard's petition

describes Century as "a *domestic* insurance company," and not a *foreign or alien* insurer. (Emphasis added.) "Service of citation or other process on a *domestic . . . corporation* is made by personal service on any one of its agents for service of process." La.Code Civ.P. art. 1261(A) (emphasis added).

> If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
> (1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.
> (2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.
> (3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.

La.Code Civ.P. art. 1261(B).

Only after diligent effort to serve a domestic corporation pursuant to La.Code Civ.P. art. 1261 has failed can a plaintiff avail himself of service on the secretary of state. La.Code Civ.P. art. 1262.

In this matter, the record contains no evidence of compliance with La.Code Civ.P. art. 1261 prior to effecting service on the secretary of state. Additionally, one of the pages of the purported insurance policy introduced in support of the default judgment contains the following printed notation:

> Service of Suit (if form CCP 20 10 is attached) may be made upon:
> Southern General Agency, Inc.
> 3838 Independence Drive, Alexandria, LA 71303

The record contains no evidence of any effort to serve Century through this entity.

Given the status of the record before us, we can conclude only that it does not contain sufficient information to resolve the service issue and that the trial court did

3

not have the opportunity to address this issue, as it was not challenged until this appeal. Accordingly, we are precluded from addressing this issue, as we are unable to receive evidence on the issue.

### *Sufficiency of Evidence Issue*

"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." La.Code Civ.P. art. 1702.

> A prima facie case sufficient to confirm a default judgment is established only when the party proves with competent evidence the essential allegations of his petition as fully as if each of the allegations were specifically denied.

*Beevers, PLC v. Burmaster*, 00-1951, p. 6 (La.App.5 Cir. 4/11/01), 787 So.2d 381, 384.

We find that the evidence presented in support of the default judgment was not sufficient to establish a prima facie case for recovery. Neither the pleadings, the exhibits, nor the testimony established the relationship of the damaged building to Ms. Richard. In her pleadings, Ms. Richard merely asserted that she operated a business known as Cloude Nine on Highway 90 West in New Iberia, Louisiana. She then asserted that her "place of business was struck with the heavy winds and rain brought on by Hurricane Lillie [sic] lifting the roof completely off of the building." At trial, she was equally vague in her testimony concerning her ownership interest. When asked about her relationship to "the premises at 4712 West Highway 90," she stated, "It's my business. I own it. It's a lounge, Gentlemen's Club."

Ms. Richard did introduce an act of sale through which she claimed ownership of the business, but this document provides no assistance to the trier of fact in determining the true ownership interest. That act of sale purports to transfer the stock in the Rolls Royal Corporation to Ms. Richard and makes no mention of the

4

immovable property, the building, or Cloude Nine. In another exhibit purporting to be excerpts from the Century insurance policy, Ms. Richard is described as renting the Highway 90 property. In even another exhibit, the Federal Emergency Management Agency (FEMA) property damage estimate, she is initially listed as the lessee or tenant of the property. However, that appears to have been corrected to reflect that she is the owner of the property. A further explanation in this estimate suggests that she had purchased the business "as lease purchase to own contract." Finally, the ownership interest issue is made more complicated by the testimony of Timothy Paul Stoute, who described himself as Ms. Richard's partner in the Cloude Nine business. He is not a party to the litigation, and there is no explanation for his absence as a partner.

The proof presented by Ms. Richard concerning the damage sustained is also conflicting. Richard Pratt, a New Iberia contractor, testified that the building was a total loss and that it would cost $126,000.00 to replace the building with a new building. However, the FEMA estimate introduced by Ms. Richard set the pre-hurricane value of the building at only $20,000.00 and included the comment that the "structure appears stable & sound - Therefore repairable."

Finally, the introduced excerpts from the Century policy were not sufficient to establish coverage. They constituted a cover page which appeared to reflect only liability coverage; a single page relating to service of any suit; an endorsement page relative to the calculation of premiums; one page describing common policy provisions; a two-page endorsement related to the nuclear energy liability exclusion; a single page describing the commercial and general liability coverage limits; a one-page listing of various forms and endorsements which had apparently been made a

5

part of the policy; and a change order endorsement relative to the value of the building. Without the entire policy, it is impossible to establish the coverage or lack of coverage under this policy.

## DISPOSITION

For the foregoing reasons, we reverse the trial court judgment and remand the matter to the trial court for further proceedings consistent with this opinion. We assess all costs of this appeal to Annette Richard.

**REVERSED AND REMANDED.**