I ¡.DOWNING, J.
Defendants, Pro Source Roofing, Inc. f/k/a Pro Source Roofing and Guttering, Inc. (“Pro Source Roofing, Inc.”) and Pro Source Roofing of New Orleans, Ltd., appeal a default judgment rendered against them and in favor of plaintiff, Louisiana Workers’ Compensation Corporation *115 (“LWCC”). For the following reasons, we reverse the judgment and remand for further proceedings.
I. PROCEDURAL BACKGROUND
On March 3, 2003, LWCC filed suit against Pro Source Roofíng, Inc. and Pro Source Roofing of New Orleans, Ltd., seeking unpaid workers’ compensation insurance premiums in the amount of $31,575.51. LWCC requested service on Pro Source Roofing, Inc. through its purported agent for service of process, Mark A. Cornett. LWCC requested that Pro Source Roofing of New Orleans, Ltd. also be served through Mark A. Cornett in his capacity as a partner.
Despite due and diligent effort, the sheriff was unable to effect service as requested. As a result, LWCC filed a motion to appoint a private process server; however, this was denied due to LWCC’s failure to request the appointment of “a person” as required by La. C.C.P. art. 1293. Thereafter, LWCC requested that both defendants be served through the secretary of state. The service returns show that this was accomplished on September 9, 2003.[1]
Defendants did not file an answer, and a preliminary default was entered on October 2, 2003. On October 7, 2003, LWCC filed a motion to confirm the default without a hearing. Attached to its motion was a certified copy of the pertinent insurance policy, an affidavit of correctness attesting to the amount owed under the policy, and the certification required by La. C.C.P. art. 1702.1. On October 10, 2003, the trial court rendered judgment confirming the default judgment in favor of 1 oLWCC and against defendants in the amount of $31,575.51, “together with legal interest from judicial demand, until paid, and for all costs.”
Upon learning of the default judgment, defendants perfected the present devolu-tive appeal. They assert that the default judgment is invalid because they were not served with process as required by law and because the plaintiff failed to offer sufficient proof to establish a prima facie case.
II. ANALYSIS
Defendants contend that they were never served and that any alleged service on them through the secretary of state was improper. It is well settled that a default judgment may not be taken against a party who has not received citation and service thereof. Clay v. Clay, 389 So.2d 31, 35-36 (La.1979). However, a question regarding the sufficiency of service cannot be raised for the first time on appeal, but rather should be raised in a suit to annul the judgment. La C.C.P. arts. 925, 928, and 2002; Corte v. Cash Technologies, Inc., 2002-0846, p. 7 (La.App. 1st Cir.4/2/03), 843 So.2d 1162, 1166; Boyce Machinery Corp. v. Interstate Paving Corp., 356 So.2d 505, 506-507 (La.App. 1st Cir.1977).
Therefore, while there may be potential problems regarding service, particularly plaintiffs attempt to serve a partnership through the secretary of state, this matter is not properly before us and we make no ruling on this assignment of error.
Nevertheless, we do find merit in defendants’ remaining assignment of error and conclude that the judgment challenged on appeal is invalid because plaintiff failed to sufficiently prove the essential allegations of its petition with competent evidence.
*116 Louisiana Code of Civil Procedure art. 1702(A) states that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. In this vein, the jurisprudence mandates that when a written contract, |4such as an insurance policy, forms the basis of a plaintiffs claim, it must be introduced into evidence. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972); Holland v. Aetna Life & Cas. Ins. Co., 385 So.2d 316, 317 (La.App. 1st Cir.1980); Martin v. Sanders, 35,575, p. 4 (La.App.2d Cir.1/23/02), 805 So.2d 1209, 1212. In reviewing a default judgment, a court of appeal is limited to a determination of whether the record contains sufficient evidence to establish a pri-ma facie case. Rhodes v. All Star Ford, Inc., 599 So.2d 812, 813 (La.App. 1st Cir.1992).
Despite defendants’ assertion to the contrary, a certified copy of the pertinent insurance policy was attached to plaintiffs motion to confirm. Upon review of the policy, we note that the named insured on the policy is simply “Pro Source Roofing” and the second page denotes that the insured is an LLC. However, the default judgment herein was rendered against a corporation and a partnership, not an LLC.
The policy does contain a reference to an individual named Mark Cornett. However, La. R.S. 23:1162(B) provides that when an employer is engaged in more than one business, each separate and distinct business may be covered by separate workers’ compensation policies. Thus, an employer who has more than one business may elect to have separate workers’ compensation policies, or to cover one business and not others. Owens v. Rockwood Ins. Co., 430 So.2d 156, 158 (La.App. 2d Cir.1983). There is nothing in the policy that definitively establishes that each of the legally distinct defendants was obligated under the policy. Accordingly, the policy submitted cannot be considered competent evidence to establish a prima facie case for a default judgment against the defendants herein. Therefore, we reverse the judgment confirming the default and remand this matter. If further proceedings result, the tidal court can appropriately determine whether there is a basis for exercising personal jurisdiction over the | .¡defendants based on the sufficiency of service of process. Corte, 2002-0846 at p. 9, 843 So.2d at 1167.
III. DECREE.
For the foregoing reasons, the October 10, 2003 default judgment is reversed. We remand this matter for further proceedings consistent with the opinions expressed herein. Costs of this appeal are assessed to plaintiff-appellee, Louisiana Workers’ Compensation Corporation.
REVERSED AND REMANDED.
HUGHES, J., concurs.

. Pursuant to Uniform Rule 2-1.11, Uniform Rules-Courts of Appeal, subpoenas, notices, and returns may be omitted from the record, unless they are at issue. The record herein was supplemented with the pertinent service returns at the request of this court.