McCLENDON, J.
*736 A tax debtor seeks review of a judgment confirming and quieting a tax title, asserting that she was not properly served with the underlying petition. Finding that the debtor's remedy under the circumstances is to file a petition for nullity with the trial court, we dismiss the instant appeal.
FACTS AND PROCEDURAL HISTORY
This dispute concerns the confirmation and quieting of tax titles obtained by Tour Holdings, L.L.C. Among the confirmed titles was a property in Mandeville, which was previously owned by Tania O. Paz, a tax debtor. In its petition to quiet the tax title filed on May 30, 2017, Tour Holdings, L.L.C. indicated that Ms. Paz was "either located out of state or [her] whereabouts are unknown." A curator ad hoc was appointed to represent Ms. Paz in the proceedings, which resulted in a judgment rendered on October 26, 2017, that confirmed Tour Holdings, L.L.C.'s title to the Mandeville property.
After the judgment was rendered against her, Ms. Paz filed the instant appeal, asserting that the judgment in favor of Tour Holdings, L.L.C. was absolutely null because she was not served with notice of the petition as required for a valid judgment under LSA-C.C.P. art. 1201.[1] She further contends that appointment of a curator ad hoc was not authorized under LSA-R.S. 47:2266 and that any attempt to complete service on Ms. Paz by serving the curator was improper and ineffective.
DISCUSSION
Absent an express waiver, citation and service thereof are essential in all civil actions. LSA-C.C.P. art. 1201. Under Louisiana law, a petition and citation for quieting tax title must be served on the defendant as in ordinary suits. LSA-R.S. 47:2266(A)(2). If a tax sale party is a nonresident of the state, is unknown, or his residence is unknown, the court shall appoint a curator ad hoc to represent him and receive service. Id.
*737 On appeal, Ms. Paz asserts that before a curator can be appointed to represent her, as authorized by LSA-R.S. 47:2226(A)(2), Tour Holdings, L.L.C. was required to make a reasonable and diligent effort to determine her whereabouts. See Security Homestead Ass'n v. Fuselier, 591 So.2d 335, 339 (La. 1991). Ms. Paz notes that she was never served with the original petition and citation. Ms. Paz also states that she resides at 3605 Connecticut Avenue, Kenner, Louisiana 70065. Ms. Paz contends that because she is a Louisiana resident, Tour Holdings, L.L.C.'s request for a curator implies that Ms. Paz's address was unknown and unable to be learned after a diligent search.
Ms. Paz contends that there is evidence to support the conclusion that Mr. Joseph Todd Tournillon, member, apparent manager, and registered agent for service of process of Tour Holdings, L.L.C., knew or had learned of Ms. Paz's location before the "Petition to Quiet Tax Titles" was filed on May 30, 2017. Ms. Paz avers that her address was obtainable from a simple internet search of her name. Additionally, Ms. Paz asserts that Mr. Tournillon was in contact with her and communicated with her by telephone on several occasions. Ms. Paz avers that considering the foregoing, it is reasonable to conclude that no search, much less a diligent one, was ever made to determine her address.[2] Ms. Paz asserts that because she was not properly served with process as required by law, the judgment quieting the tax title is an absolute nullity. See LSA-C.C.P. arts. 1201 and 2002(A)(2) and Tunnard v. Simply Southern Homes, L.L.C., 07-0945 (La.App. 1 Cir. 3/26/08), 985 So.2d 166, 168.
In opposition, Tour Holdings, L.L.C. maintains that nothing raised in Ms. Paz's assignments of error was submitted to the trial court. Rather, all issues relevant to her assignments of error are being presented to this court as a matter of first impression. Because these issues were not presented, Tour Holdings, L.L.C. notes that the appellate record is devoid of any evidence that could support or refute Ms. Paz's claims.
The nullity of a final judgment may be demanded for vices of either form or substance. LSA-C.C.P. art. 2001. A final judgment shall be annulled if rendered against a defendant who has not been served with process as required by law. LSA-C.C.P. art. 2002(A)(2).
Generally, the question of sufficiency of service should not be raised for the first time on appeal, but rather should be raised in a suit to annul the judgment. Corte v. Cash Technologies, Inc., 02-0846 (La.App. 1 Cir. 4/2/03), 843 So.2d 1162, 1166 and Hughes v. Sanders, 36,968 (La.App. 2 Cir. 5/14/03), 847 So.2d 165, 167. The justification for requiring a separate suit is so that a hearing can be held to ascertain facts regarding whether defendants were properly served. Corte, 843 So.2d at 1166.
In Decca Leasing Corp. v. Torres, 465 So.2d 910 (La.App. 2 Cir.), writ denied, *738 468 So.2d 1211 (La. 1985), the appellate court dismissed an appeal where the record was insufficient to determine whether a defendant was properly served through the long-arm statute, reasoning as follows:
In the instant case, the record does not contain ... a glaring discrepancy. The copy of the petition and citation sent to defendant by certified mail was returned "unclaimed." Although plaintiff argues that this is tantamount to refusal, the record is insufficient to make this determination.
It appears that the practical effect behind requiring that the defendant bring an action to annul the judgment is to permit the introduction of additional evidence as to the mode and execution of service of process. It is clear that additional evidence is essential in the instant case in order to ascertain whether the alleged failure to claim the letter was in fact a refusal or avoidance of service and the proper remedy for the defendant is by way of a suit for nullity. [Footnote omitted.]
Decca Leasing Corp., 465 So.2d at 914.
As noted by Tour Holdings, L.L.C., our record does not contain any evidence to address the merits of Ms. Paz's claims. Also, an appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Hazey v. McCown, 01-0929 (La.App. 1 Cir. 5/10/02), 818 So.2d 932, 936. Moreover, argument of counsel, no matter how artful, is not evidence. Rising Resources Control, Inc. v. KIE Commodities and Finance, L.L.C., 11-1026 (La.App. 1 Cir. 12/21/11), 80 So.3d 1217, 1220, writ denied, 12-0658 (La. 4/27/12), 86 So.3d 632.
There is simply nothing in our record that allows us to address the merits of Ms. Paz's assignments of error on appeal. Her proper remedy is to file a suit for nullity in the trial court.
CONCLUSION
For the foregoing reasons, we dismiss Ms. Paz's appeal. Costs of this appeal are assessed to defendant/appellant, Tania O. Paz.
APPEAL DISMISSED.

Louisiana Code of Civil Procedure article 1201 provides:
A. Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. Without them all proceedings are absolutely null.
B. The defendant may expressly waive citation and service thereof by any written waiver made part of the record.
C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.
D. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Article, notwithstanding insufficient or erroneous service.

By contrast, Tour Holdings, L.L.C. contends that it did not know Ms. Paz's whereabouts at the time it filed its suit. Tour Holdings, L.L.C. asserts that it performed a diligent search of the public records of St. Tammany Parish, and performed two internet-based searches in an attempt to locate her. Moreover, Tour Holdings, L.L.C. maintains that it published a legal notice in the official publication for St. Tammany Parish, the St. Tammany Farmer, which named Ms. Paz, described the property, and informed her of her rights with respect to this matter. Tour Holdings, L.L.C. avers that this notice likewise went unanswered. Tour Holdings, L.L.C. contends that its inability to reach Ms. Paz at her addresses of record resulted in the need to appoint a curator ad hoc to accept service and stand in representation of Ms. Paz.