RICK M. SUTTON,        *      NO. 2019-CA-0992
INDIVIDUALLY AND
DERIVATIVELY ON BEHALF    *
OF RJANO HOLDINGS, INC.
AND MAISON ROYALE, LLC   *      COURT OF APPEAL

                            FOURTH CIRCUIT

VERSUS                    *

                            STATE OF LOUISIANA

JACK ADAMS, MAISON       * * * * * * *
ROYALE, LLC AND RJANO,
INC.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-10709, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

Robert G. Harvey, Sr.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, LA 70119

Donald C. Douglas, Jr.
THE DOUGLAS LAW FIRM, LLC
1070 West Causeway Approach
Suite B
Mandeville, LA 70471

        COUNSEL FOR PLAINTIFF/APPELLANT

Kim M. Boyle
Rebecca Sha
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

Gregory W. Kehoe
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602

        COUNSEL FOR DEFENDANTS/APPELLEES

                           **MOTIONS DENIED;**
                          **JUDGMENT AFFIRMED**

**OCTOBER 12, 2022**

*SCJ*
*EAL*
*RLB*
*JCL*
*RML*

This appeal arises from one of several lawsuits involving Jack Adams and Rick Sutton, in a protracted dispute over their failed business relationship and the control of two business entities, RJANO Holding, Inc. and Maison Royale, LLC.[1] In the suit underlying this appeal, Sutton filed an individual claim for breach of contract and a derivative claim, on behalf of Maison Royale and RJANO, against Adams, Maison Royale, and RJANO.

---

[1] The Adams/Sutton litigation includes six civil suits filed in Orleans Parish Civil District Court, all but two of which were allotted to different divisions of the district court. As explained in further detail below, four appeals and four writ applications, arising from four of the underlying civil suits, were lodged in this Court in 2019. In January 2020, this Court *sua sponte* consolidated all four appeals and four writ applications. Oral arguments for the consolidated matter were set for April 28, 2020, but continued without date due to the COVID-19 pandemic. Thereafter, the resetting of this consolidated matter was continued and delayed three more times due, respectively, to a stay of the matter, the closure of the Court due to Hurricane Ida, and a continuance requested on account of the health of lead counsel for Sutton. Oral arguments for the consolidated appeals and writs were held before the five-judge panel on May 20, 2022. After submission, upon further consideration, this Court ordered that the appeals be unconsolidated to address the issues presented in each with more precision and clarity.

Sutton now appeals the April 26, 2019 judgment, rendered by Orleans Parish Civil District Court Div. N,[2] granting Adams' exceptions of no right of action and res judicata, and dismissing all claims against defendants, Adams, Maison Royale, and RJANO, with prejudice. Upon review of the record, and based on applicable law, we affirm the April 26, 2019 judgment rendered by Div. N.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2011, Sutton and Adams entered into a business relationship for the purpose of leasing property at 501 Royal Street (the "Property") and operating a fine jewelry store and art gallery at that location. Sutton and Adams did not have a written partnership agreement or business plan, but the parties agreed to form two entities: RJANO, a corporation to lease the Property; and Maison Royale, an LLC created to operate the store. By October 2014, the business relationship between Sutton and Adams had deteriorated; and, since then, Sutton and Adams have been locked in a series of lawsuits stemming from their failed business relationship.

For purposes of understanding the procedural posture and the issues in this appeal, we provide the following background of two of the suits in the Adams/Sutton litigation.[3]

**"Breach of Contract" suit (Div. N)**

The instant appeal originates from the first suit filed by Sutton against Adams. In November 2014, Sutton, individually and derivatively on behalf of RJANO and Maison Royale, filed a petition for breach of contract and damages,

---

[2] We note the Division of Orleans Civil District Court to which this case was allotted, because there are overlapping proceedings and conflicting judgments in the Adams/Sutton litigation.
[3] A synopses of all Adams/Sutton suits is provided in the related opinion of *Adams v. Sutton*, 19-0247 (La. App. 4 Cir. 10/12/2022), -- So.3d –, (hereinafter "*Adams I*") rendered on the same date as the instant appeal.

naming Adams, RJANO, and Maison Royale as defendants.[4]  The Breach of Contract suit was allotted to Div. N.

In his original petition, Sutton alleged that he and Adams agreed to form RJANO and Maison Royale; that "[u]nder the terms of the agreement entered into prior to incorporation" Adams would put up the financial cash needed and be permitted to take tax credits for the first year; and that "Adams was to handle all of the corporate and LLC paperwork."  Sutton alleged that the agreement was for RJANO to lease the Property and for Maison Royale to operate the jewelry and fine art store.  In the first year after their agreement, Sutton alleged that he worked at the Maison Royale store without pay and later became a salaried employee.

According to Sutton, in October 2014, Adams breached their agreement and effectively froze Sutton out of the business, causing him financial losses.  Sutton also alleged that Adams had engaged in ultra vires acts constituting intentional breach of fiduciary duties, a lack of good faith and fair dealing, gross negligence, and reckless disregard for the interests of RJANO, Maison Royale, and the owners/members.

Sutton, individually, sought damages for breach of contract.  He also sought injunctive relief, preventing Adams from acting unilaterally on behalf of RJANO and Maison Royale.

After several years of litigation without trial or resolution in this suit, on January 23, 2019, Adams filed peremptory exceptions of no right of action and res judicata, seeking dismissal of all claims against all defendants with prejudice.  Adams argued that adjudication of Sutton's Breach of Contract suit is precluded by

---

[4] *Rick M. Sutton, Individually and Derivatively on behalf of RJANO Holdings, Inc. and Maison Royale, LLC v. Jack Adams, Maison Royale, LLC and RJANO, Inc.*, CDC No. 2014-10709.

3

a final judgment, determinative of the issues in this case, rendered by Div. D on October 25, 2017, and affirmed on appeal by this Court on December 19, 2018. Adams also argued that Sutton had no right of action to pursue a derivative suit on behalf of Maison Royale.

**"RICO" suit (Div. D)**

While the Breach of Contract suit was ongoing in Div. N, in November 2016, Sutton filed another petition for damages against Adams, as well as Adams' father, Charles Adams, and Polly Point Imports Corp.[5] Sutton alleged that Adams, his father, and Polly Point impermissibly sold jewelry in the Maison Royale store at "fire sale" prices, through fraudulent means, and in breach of fiduciary duty to Sutton, thereby causing damages to Sutton. Sutton asserted claims against all defendants for (1) violations of the Louisiana Racketeering Act ("RICO"); (2) violations of the Louisiana Unfair Trade Practices Act ("LUTPA"); (3) fraud and misrepresentation; (4) breach of fiduciary duty; and (5) detrimental reliance. The RICO suit was allotted to Div. D.

In October 2017, defendants filed exceptions of no cause of action, no right of action, vagueness, peremption and lack of personal jurisdiction. At the conclusion of the hearing on the exceptions, Div. D granted defendants' exceptions of no cause of action and no right of action as to Sutton's RICO claims, LUTPA claims, and breach of fiduciary duty claims; granted defendants' exception of no cause of action as to Sutton's claims of fraud and misrepresentation and detrimental reliance; and dismissed all of Sutton's claims against all defendants

---

[5] *Rick Sutton v. Jack Adams, Charles Adams and Polly Point Imports Corp.*, CDC No. 2016-11427.

4

with prejudice. Div. D rendered its written judgment in the RICO suit on October 25, 2017 ("the RICO judgment").

On appeal, this Court affirmed the RICO judgment, including Div. D's dismissal of Sutton's claims with prejudice. *Sutton v. Adams,* 18-0196 (La. App. 4 Cir. 12/19/18), 318 So.3d 776 (hereinafter "*Sutton I*"). Thereafter, the Louisiana Supreme Court denied writs and Sutton's application for reconsideration. *Sutton v. Adams*, 19-346 (La. 4/22/19), 267 So.3d 1112, *reconsideration denied*, 19-00346 (La. 9/6/19), 278 So.3d 362.

**Hearing on Adams' exceptions in Div. N**

After this Court affirmed the RICO judgment, Adams filed the exceptions of no right of action and res judicata in the Breach of Contract case in Div. N. Regarding the exception of no right of action, Adams argued that, based upon the holding in *Sutton I*, Sutton lacks standing to bring a derivative action in the Breach of Contract suit. Moreover, Adams argued that Sutton's claims in the Breach of Contract suit involve the same parties and arose from the same transaction or occurrence as in the RICO case and, under the doctrine of res judicata, the RICO judgment precludes litigation of the claims in the Breach of Contract suit. Thus, Adams argued that all of Sutton's claims must be dismissed with prejudice.

Div. N held a hearing on Adams' exceptions on March 22, 2019, and, on April 26, 2019, Div. N rendered judgment granting Adams's exceptions of no right of action and res judicata and dismissing all claims against defendants.[6] Sutton filed a timely motion for new trial of Div. N's April 26, 2019 judgment, which was denied on August 21, 2019.

This appeal of Div. N's April 26, 2019 judgment followed.

---

[6] At Sutton's request, Div. N issued written reasons for judgment on May 20, 2019.

## JURISDICTIONAL MOTIONS

Before addressing the merits of this appeal, we review two motions filed by Sutton. As noted previously by this Court, the submission of this appeal was delayed by more than two years. Then, just days prior to the oral arguments and submission of this matter on May 20, 2022, Sutton filed two motions seeking expedited relief. First, on May 9, 2022, Sutton filed an expedited motion to dismiss appeal for lack of subject matter jurisdiction. Second, on May 19, 2022, Sutton filed an expedited motion to vacate the April 26, 2019 judgment as absolutely null for lack of notice. This Court issued orders denying the requests for expedited consideration and referring the motions to the merits. We now review these motions and deny both.

### *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Sutton argues that the April 26, 2019 judgment rendered by Div. N should be vacated for lack of sufficient, decretal language. *See Urquart v. Spencer*, 15-1354, p. 3 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077 ("In the absence of the necessary decretal language, the judgment is not final and appealable."). More specifically, Sutton argues that the judgment fails to specify the relief granted because it does not delineate the claims—the individual claims of Sutton or the derivative claims filed on behalf of Maison Royale and RJANO—that were dismissed. *See id.* (quoting *Bd. of Supervisors of Louisiana State Univ. v. Mid City Holdings, L.L.C.*, 14-0506, p. 3 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910) ("[I]n order for the language of a judgment to be considered 'decretal' it 'must name the party in favor of whom the ruling is ordered, the party against whom the ruling is order, and the relief that is granted or denied.'").

The judgment at issue states, in pertinent part, as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** that Defendant, Jack Adams' Peremptory Exception of No Right of Action and Peremptory Exception of *Res Judicata* are hereby GRANTED; such that all claims against Defendants, Jack Adams, Maison Royale, LLC, and RJANO, INC. are hereby **DISMISSED WITH PREJUDICE**.

Accordingly, because the merits of this case have been determined in whole and in Defendants' favor, …

Upon review of Div. N's April 26, 2019 judgment, we find no lack of definitive, decretal language. The judgment requires no reference to extrinsic sources to understand that all of the claims raised in this action are dismissed against all named defendants, with prejudice, and the merits of the case have been determined in whole and in favor of those defendants. Therefore, we find Div. N's April 26, 2019 judgment to be final and appealable, and we find no merit to Sutton's motion to dismiss for lack of subject matter jurisdiction.

### Motion to Vacate Absolutely Null Judgment for Lack of Notice

Raising the argument for the first time on appeal, Sutton argues that Div. N's April 26, 2019 judgment granting Adams' exceptions of no right of action and res judicata is absolutely null due to Adams' failure to request service of his exceptions on Maison Royale and RJANO, independently from service requested on Sutton.[7] Here, Sutton asserts the absolute nullity of the judgment pursuant to La. C.C.P. art. 2002, which states in pertinent part, "a final judgment shall be annulled if it is rendered … [a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction".

Generally, a question regarding the sufficiency of service of process cannot be raised for the first time on appeal and should be raised in a suit to annul. *Corte v. Cash Technologies, Inc.*, 02-0846, p. 7 (La. App. 1 Cir. 4/2/03), 843 So.2d 1162,

---

[7] Sutton does not dispute that he was properly served with Adams' exceptions.

1166; *State, Dept. of Social Services v. Matthews*, 96-711, p. 5 (La. App. 5 Cir. 1/28/97), 688 So.2d 137, 140. "The justification for requiring a separate suit is so that a hearing can be held to ascertain facts regarding whether defendants were properly served." *Corte*, *supra*.

We find this question of insufficiency of service is not properly raised for the first time in this appeal.[8] Accordingly, we now turn to discuss the merits of the appeal.

## DISCUSSION

In his appeal of Div. N's April 26, 2019 judgment, Sutton argues that Div. N erred in granting Adam's exceptions of res judicata and no right of action and in dismissing all of Sutton's claims against defendants in this Breach of Contract suit.[9][10]

**Res Judicata**

In reviewing a judgment sustaining an exception of res judicata, the appellate court must determine whether the trial court's decision is legally correct

---

[8] The record reflects Sutton did not raise a declinatory exception of insufficiency of service at any time in response to any pleadings filed by Adams in the trial court. In addition, we note that there are multiple pleadings indicating Adams is the agent for service of process for Maison Royale, and that the attorneys representing Adams are the attorneys representing Maison Royale and RJANO.

[9] Sutton raises five assignments of error as follows:
1. The trial court erred in denying Sutton's motion for new trial because the judgment on which the two exceptions were based was found to be an absolute nullity.
2. The trial court erred in granting the exception of res judicata on the merits.
3. The trial court erred in granting the exception of no right of action on the merits.
4. The trial court erred in including the dismissal of claims brought by parties who did not file any exceptions.
5. The trial court erred in including additional relief in the judgment that was not prayed for or litigated by the parties.

[10] In Sutton's first assignment of error, he argues that Div. N erred in granting Adams' exceptions and denying his motion for new trial, because the RICO judgment rendered by Div. D, on which the exceptions were based, was found to be an absolute nullity in a September 3, 2019 judgment rendered by Div. L in another Adams/Sutton suit. In consideration that Div. N's judgment on the motion for new trial was rendered several months before Div. L's September 3, 2019 judgment, and in further consideration of this Court's decision vacating Div. L's September 3, 2019 judgment annulling the RICO judgment, we find no merit in this argument. *Adams v. Sutton*, 19-1105 (La. App. 4 Cir. 10/12/2022), -- So.3d – (hereinafter "*Adams II*").

or incorrect. *Schiff v. Pollard*, 16-0801, p. 8 (La. App. 4 Cir. 6/28/17), 222 So.3d 867, 874.

In general, the doctrine of res judicata precludes the re-litigation of claims arising out of the same facts and circumstances between the same parties of a previous suit in which there is a valid, final judgment. *Id.*; *Ins. Co. of North America v. La. Power & Light Co.*, 08-1315, p. 5 (La. App. 4 Cir. 3/4/09), 10 So.3d 264, 267. Res judicata is designed to "promote judicial efficiency and final resolution of disputes." *Avenue Plaza, L.L.C. v. Falgoust*, 96-0173, p. 4 (La. 7/2/96), 676 So.2d 1077, 1079.

The requirements that must be met for Louisiana courts to determine that a matter is res judicata are set forth in La. R.S. 13:4231, as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Under the res judicata statute, a second action is precluded when all of the following five elements are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the

9

second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So. 2d 1049, 1053. "[T]he chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action." *Id.*; *see also*, La. R.S. 13:4231 Cmt. (a) (1990) ("For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose of the transaction or occurrence that was the subject matter of the first action.").

In this case, Div. N found that all five of the required elements of res judicata were satisfied. Div. N concluded that the RICO judgment was a valid, final judgment between the same parties arising out of the same transaction or occurrence as the Breach of Contract suit; thus, Div. N found that the Breach of Contract suit was precluded by the RICO judgment. We agree.

We find the first two elements of res judicata are clearly satisfied. A valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. *Burguieres*, 02-1385, p. 8, 843 So.2d at 1053. A final judgment is one that disposes of the merits in whole or in part. La. C.C.P. art. 1841. The RICO judgment was rendered by Div. D, a court of competent jurisdiction, after proper notice was given to all parties. In addition, that judgment, affirmed by this Court on appeal, is final. *Sutton I*, 18-0196, 318

10

So.2d 776, *writ denied*, 19-346, 267 So.3d 1112, *reconsideration denied*, 19-00346, 278 So.3d 362.[11]

The third element of res judicata is also clearly satisfied, because both suits involve the same parties in the same capacities. Sutton filed both the Breach of Contract suit and the RICO suit against Adams. The fact that there were additional defendants—Charles Adams and Polly Point Imports—in the RICO suit, and that Sutton named Maison Royale and RJANO in the Breach of Contract suit, does not negate this element of res judicata. *See Dean v. Delacroix Corp.*, 12-0917, p. 5 (La. App. 4 Cir. 12/26/12), 106 So.3d 283, 287 (finding the addition of defendants in the second action "is of no moment" in the determination of res judicata); *Austin v. Markey*, 08-381, p. 5 (La. App. 5 Cir. 11/25/08), 2 So.3d 438, 441 (holding that the exception of res judicata cannot be defeated by the naming of additional defendants).[12]

We find the fourth and fifth requirements of res judicata are evident in the timeline, petitions, and pleadings in the two cases. The record reflects that the facts and allegations stated in the Breach of Contract suit, filed in 2014, were

---

[11] In his opposition to Adams' exception of res judicata, Sutton argued that this Court's opinion in *Sutton I*, affirming the October 25, 2017 judgment, was not final and definitive, pursuant to La. C.C.P. art. 2166, which provides in pertinent part as follows:

> E. When an application for certiorari to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive after a delay of five days, exclusive of legal holidays, commencing to run on the day after the clerk has mailed the denial by the supreme court of the application for certiorari.

The Louisiana Supreme Court denied writs in *Sutton I* on April 22, 2019. Div. N rendered its judgment on Adams' exceptions on April 26, 2019, and denied Sutton's motion for new trial on August 21, 2019. As of the filing of Sutton's motion for new trial, *Sutton I* was final and definitive pursuant to La. C.C.P. art. 2166(E).

[12] As discussed *infra*, we also find that Sutton had no right of action to institute a derivative action. In *Sutton I*, this Court found that the documents presented to Div. D "plainly showed that Mr. Sutton was not a member of Maison Royale and therefore he had no right of action for breach of fiduciary duty." 18-0196, p. 9, 318 So.3d at 783. In addition, Sutton's Breach of Contract petition does not explicitly allege that he was a shareholder of RJANO.

restated in the RICO suit, filed in 2016. The causes of action in both suits arose out of the same failed business relationship, which Sutton details in both petitions. Sutton alleges that he and Adams agreed to form Maison Royale and RJANO and to lease the Property at 501 Royal Street in order to operate a fine jewelry and art gallery; Sutton further alleges that Adams breached the agreement, fired Sutton, and effectively froze Sutton out of the business partnership.

In the first filed Breach of Contract suit, Sutton sued in his individual capacity for breach of contract, and he asserted derivative claims on behalf of Maison Royale and RJANO. Sutton also asserted that Adams engaged in ultra vires acts constituting intentional breach of fiduciary duties, a lack of good faith and fair dealing, gross negligence, and reckless disregard for the interests of RJANO, Maison Royale, and the owners/members.

In the RICO suit, Sutton again sued Adams, as well as additional defendants, Charles Adams and Polly Point Imports. The factual allegations in this petition are virtually identical. Sutton added further allegations against Adams and Charles Adams, related to an alleged "fire sale" at the fine jewelry and art gallery, and against Adams and Polly Point Imports for an alleged transfer of interest in Maison Royale by Adams. Sutton then asserted causes of action for RICO and LUTPA violations, fraud and misrepresentation, breach of fiduciary duty, and detrimental reliance. These causes of action arose out of the same failed business relationship as the Breach of Contract suit. Moreover, the causes of action asserted in the Breach of Contract suit existed before the RICO suit was filed and, certainly, at the time the RICO judgment was rendered.

Based on our review, we find all five requirements for res judicata are met. Therefore, we find Div. N's judgment granting the exception of res judicata is legally correct.

**No Right of Action**

Sutton also argues on appeal that Div. N erred in granting Adams' exception of no right of action as to the derivative claims of Maison Royale and RJANO in this Breach of Contract suit. Sutton asserts that the RICO suit cannot preclude the derivative action of Maison Royale and RJANO.

The peremptory exception of no right of action presents a question of law that is reviewed *de novo* on appeal. *Zeigler v. Housing Authority of New Orleans*, 15-0626, p. 4 (La. App. 4 Cir. 3/23/16), 192 So.3d 175, 178. "An exception of no right of action assumes the petition states a valid cause of action, and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation." *Bruzeau v. Wells Fargo Bank, N.A.*, 12-0075, p. 5 (La. App. 4 Cir. 8/22/12), 99 So.3d 1010, 1014 (citations omitted). "An action can only be brought by a person having a real and actual interest, which he asserts." *Howard v. Admin. of Tulane Educ. Fund*, 07-2224, p. 8 (La. 7/1/08), 986 So.2d 47, 54 (citing La. C.C.P. art. 681).

In the Breach of Contract suit, Sutton filed suit in his individual capacity and derivatively on behalf of Maison Royale and RJANO. In Louisiana, a shareholder of a corporation or a member of an LLC may bring a derivative action to enforce a right on behalf of the corporation or LLC, or to recover losses to the entity. La. C.C.P. art. 611; *see Paul Piazza and Son, Inc. v. Piazza*, 11-548, p. 6 (La. App. 4 Cir. 12/28/11), 83 So.3d 1066, 1070. The petition in a derivative action must

allege that the plaintiff is a shareholder or member at the time of the occurrence or transaction of which he complains. La. C.C.P. art. 615(1).

First, we consider Sutton's right of action on behalf of Maison Royale. In the Breach of Contract petition, Sutton alleged that he was a member of Maison Royale, "a subsidiary of RJANO". As discussed *supra*, the allegations against Adams include that he breached a fiduciary duty owed to members of Maison Royale. Sutton also raised breach of fiduciary duty as a cause of action in the RICO suit. In the RICO judgment, Div. D determined, through its examination of the corporate documents, that "Sutton was not a member of Maison Royale and therefore he had no right of action for breach of fiduciary duty because he was claiming an alleged duty not owed to him but to Maison Royale and its members." *Sutton I*, 18-0196, p. 9, 218 So.3d at 783. In *Sutton I*, this Court affirmed the RICO judgment, specifically in granting the exception of no right of action as to the breach of fiduciary duty asserted by Sutton. Based on the valid, final judgment in the RICO suit, in light of the applicable law of La. R.S. 13:4231(3), we find the RICO judgment rendered by Div. D and affirmed by this Court conclusively determined that Sutton is not a member of Maison Royale.[13]

We now consider Sutton's right of action on behalf of RJANO. In our review of the Breach of Contract petition, we find that Sutton does not explicitly allege that he was a shareholder of RJANO. Sutton alleges that he and Adams agreed to form RJANO and "[u]nder the agreement the corporate stock was to be

---

[13] La. R.S. 13:4231(3) states, "[a] judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment."
"Under 'issue preclusion or collateral estoppel, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties.'" *Cunningham v. City of New Orleans*, 21-0532, p. 14 (La. App. 4 Cir. 3/30/22), 336 So.3d 977, 988 (quoting *Williams v. City of Marksville*, 02-1130, p. 3 (La. App. 3 Cir. 3/5/03), 839 So.2d 1129, 1131).

split 50/50"; then, he alleges that "Adams was to handle all of the corporate and LLC paperwork." However, Sutton only alleges that there was an agreement, not that he owns stock or shares in RJANO. *See Christopher v. Liberty Oil & Gas Corp.*, 94-2280 (La. App. 1 Cir. 10/6/95), 666 So.2d 410, 411 (holding that plaintiffs in derivative actions in Louisiana must allege to be a shareholder at the time of the complained occurrence and must be a current shareholder). We do not find allegations sufficient to establish by what authority he claims to bring the derivative suit on behalf of RJANO.[14]

Accordingly, we find no error in Div. N's judgment granting Adams' exception of no right of action.

## CONCLUSION

For the foregoing reasons, we affirm the April 26, 2019 judgment rendered by Div. N, in the Breach of Contract suit, granting Adams' peremptory exceptions of res judicata and no right of action and dismissing all claims against all defendants with prejudice.

**MOTIONS DENIED;**
**JUDGMENT AFFIRMED**

---

[14] We also note this Court's recent opinion in *RJANO Holdings Inc. and Maison Royale, LLC v. Phelps Dunbar, LLP, et al.*, 22-0058, p. 23 (La. App. 4 Cir. 9/21/22), -- So.3d --, in which this Court concluded that "Sutton has not established that he has the legal capacity to sue on behalf of RJANO or Maison Royale."